UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA

- against -

ABDUL SALAH ALJAHMI,

        Defendant.

------------------------------------X

10 Cr. 1144-01 (RWS)

SENTENCING OPINION

**Sweet, D.J.**

On April 1, 2011, Abdul Salah Aljahmi ("Aljahmi" or "Defendant") pleaded guilty to one count of food stamp fraud, in violation of 7 U.S.C. § 2024(b)(1) & 2016. For the reasons set forth below, Aljahmi will be sentenced to 3 years' probation with a special condition of 4 months' home confinement. Aljahmi will also be required to pay a special assessment of $100, to forfeit all property constituting or derived from any proceeds he obtained from the instant offense, and to pay restitution in an amount to be determined.



1

**Prior Proceedings**

On November 12, 2010, Information 10 CR 1144-01 (RWS) was filed in the Southern District of New York. The one count of the information charges that from July 2008 through July 2010, in the Southern District of New York and elsewhere, Aljahmi exchanged customer's food stamp benefits provided under the Supplemental Nutrition Assistance Program for cash and other items at 1515 Line Deli Grocery Corporation, in exchange for a share of the cash proceeds, in violation of 7 U.S.C. § 2024(b)(1) & 2016, and 7 C.F.R. 278.2.

On April 1, 2011, Aljahmi appeared before the Honorable Debra C. Freeman and allocated to his criminal conduct. In accordance with a plea agreement, the parties stipulated to the following:

Count 1

- The guideline applicable to the offense charged is §2B1.1, which provides for a base offense level of seven, pursuant to § 2B1.1(a)(1).

- Because the amount of loss is between $10,000 and $30,000, the offense level is increased by four levels, pursuant to § 2B1.1(b)(1).

- Assuming the defendant clearly demonstrates acceptance of

responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to § 3E1.1(a).

- In accordance with the above, the applicable offense level is 9.

- Based upon the information now available to the Government (including representations by the defense), the defendant has no criminal history. Accordingly, the defendant's Criminal History Category is I.

- Based upon the calculations set forth above, the defendant's Sentencing Guidelines range is 4 to 10 months' imprisonment. In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to § 5E1.2. The applicable fine range is $1,000 to $10,000.

- The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Probation Department consider such a departure or adjustment, or suggest that the Court <u>sua sponte</u> consider such a departure or adjustment.

Aljahmi's sentencing is currently scheduled for November 3, 2011.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005), and the Second Circuit's decision in <u>United States v. Crosby</u>, 397 F.3d 103 (2d

3

Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)    the need for the sentence imposed —

        (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B)    to afford adequate deterrence to criminal conduct;

        (C)    to protect the public from further crimes of the defendant; and

        (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3)    the kinds of sentences available;

    (4)    the kinds of sentence and the sentencing range established for —

        (A)    the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

    (5)    any pertinent policy statement . . . [issued by the Sentencing Commission];

    (6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Aljahmi's personal and family history.

**The Offense Conduct**

The following description draws from the PSR. The specific facts of the underlying conduct are adopted as set forth in that report. The information contained therein is based on an investigation conducted by special agents of the U.S. Department of Agriculture (USDA), and is based upon their conversations with other law enforcement agents, as well as an examination of reports and records.

The Supplemental Nutrition Assistance Program (SNAP) is a program administered by the USDA in which pre-approved food retailers may sell food items in exchange for food stamps presented by eligible members of certain low-income households. These stamps may only be used to purchase certain items. An authorized food retailer may not exchange them for money unless money is being returned as change in a transaction in which food stamps were accepted as payment.

In order to participate in this USDA program, retailers must apply for a license to redeem SNAP benefits. A retailer's applications must detail hours of business, owners, estimated gross annual food sales, and other pertinent information. Prior to becoming an authorized retailer, the store owner or representative must attend an orientation class. The purpose of this class to teach all pertinent rules and regulations of the SNAP program.

USDA SNAP benefits are distributed to recipients in the New York metropolitan area through the use of Electronic Benefit Transfer (EBT) cards. On the back of each card is a magnetic strip containing coded information identifying the particular recipient, and the dollar amount of the benefit to

which they are entitled. At the beginning of each month, SNAP benefits are encoded onto the recipient's EBT card magnetic strip.

For each EBT card transaction, the retailer's computer terminal prints a receipt stating, "DO NOT DISPENSE CASH." In addition, at the initial training session that the retailer must attend, the USDA instructs the retailer that no cash may be dispensed during a food stamp EBT transaction, except change under a dollar.

In February 2006, the owner of 1515 Line Deli Grocery Corporation (Line Deli) applied for a license to accept and SNAP benefits through his deli located at 1515 Watson Avenue, Bronx, NY. Based on the estimated gross sales and food sales as noted on this application, the store received a classification of "small grocery store."

In November 2006, the owner of Line Deli received the mandatory SNAP program orientation. The materials provided during this orientation noted that the owner was responsible for the overall operation of the SNAP program in the store, including the training of personnel in the program.

7

From July 23, 2008, through August 1, 2008, in connection with allegations of fraud, agents conducted an interview of Aljahmi, who was employed as a cashier at the Line Deli. During these interviews, Aljahmi advised agents that he was aware that SNAP benefits could only be used to purchase food, and that it was illegal to give cash in return for SNAP benefits.

In July 2008, while wearing hidden recording devices, several confidential informants ("CI's") traveled to Line Deli and obtained cash in exchange for permitting Aljahmi to debit SNAP benefits from their EBT cards. After each visit, the CI's provided agents with the EBT card that they had previously provided to Aljahmi. Based on these visits, agents learned that from July 10, 2008, through July 6, 2010, Aljahmi debited a total of $803.74 from the CI's EBT cards; however, the CI's had only purchased $99.05 worth of actual goods. A total of $437 cash was provided to the CI's by Aljahmi.

A comparison of records maintained during the years 2009 and 2010, revealed that Aljahmi, along with his co-conspirators, were conducting illegal food stamp transactions.

8

When compared with another grocery store located in the same proximity, it was noted that this other store claimed a significantly lower amount in redeemed benefits. This comparison store had a "medium grocery store" classification. When compared to this store, in 2009, Line Deli redeemed approximately $484,000 in SNAP benefits while the comparison store redeemed $191,000. From January 2010 through June 30, 2010, Line Deli redeemed approximately $452,000 in SNAP benefits while the comparison store redeemed $109,000.

According to USDA records, of the $1,400,000 in SNAP benefits redeemed by Line Deli since December 2006, more than $222,000 of these benefits that were redeemed by Aljahmi and his co-conspirators occurred between midnight and 4:00am.

As a result of this ongoing investigation, Aljahmi was not arrested until August 10, 2010.

During the life of this offense, Aljahmi received approximately between $10,000 and $30,000 in fraudulently redeemed funds.

**The Relevant Statutory Provisions**

For the instant offense, pursuant to 7 U.S.C. § 2024(b)(1), the maximum term of imprisonment is 20 years.

If a sentence of imprisonment is imposed, the Court may impose a term of supervised release of not more than 3 years, pursuant to 18 U.S.C. § 3583(b)(2).

The Defendant is eligible for not less than 1 nor more than 5 years' probation by statute, pursuant to 18 U.S.C. § 3561(c)(1).

The maximum fine that may be imposed is $250,000, pursuant to 18 U.S.C. § 3571. A special assessment of $100 is mandatory, pursuant to 18 U.S.C. § 3013.

Full restitution to the victim is required under 18 U.S.C. § 3663A and 3664.

**The Guidelines**

The November 1, 2010 edition of the United States

10

Sentencing Commission Guidelines Manual has been used in this case for calculation purposes, pursuant to § 1B1.11(a). The Court finds the following with respect to Defendant's applicable offense level, criminal history, recognition of responsibility, and term of imprisonment:

The Guideline for the violation of 7 U.S.C. § 2024(b)(1) & 2016 is found in § 2B1.1. Because the count of conviction has a statutory maximum term of 20 years' imprisonment, the base offense level is 7, pursuant to § 2B1.1(a)(1)(B).

Because the instant offense involved a loss between $10,000 and $30,000, a four-level increase in offense level is warranted, pursuant to § 2B1.1(b)(1)(C).

Based on his plea allocution, Defendant has shown recognition of his responsibility for the offense. Pursuant to § 3E1.1(a), the offense is reduced two levels.

Accordingly, the applicable offense level is 9.

Defendant has no prior criminal convictions.

Therefore, he has zero criminal history points and a Criminal History Category of I, pursuant to the table at Chapter 5, Part A, of the Guidelines.

Based on a total offense level of 9 and a Criminal History Category of I, the Guidelines range for imprisonment is 4 to 10 months. Pursuant to § 5C1.1(c) & (e), the minimum term of imprisonment may be satisfied by (1) a sentence of imprisonment; or (2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention, provided that at least 1 month is satisfied by imprisonment, or (3) a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment.

The Guideline range for a term of supervised release is at least 2 years but not more than 3 years, pursuant to § 5D1.2(a)(2). If a sentence of imprisonment of 1 year or less is imposed, a term of supervised release is not required but is optional, pursuant to § 5D1.1(b). Supervised release is required if the Court imposes a term of imprisonment of more than 1 year or when required by statute, pursuant to § 5D1.1(a).

Because the applicable Guideline range is in Zone B of the Sentencing Table, the Defendant is eligible for probation provided that the Court imposes a condition or combination of conditions that require intermittent confinement, community confinement, or home detention for at least 4 months, pursuant to § 5B1.1(a)(2). If the court imposes probation, the term must be at least 1 year but not more than 5 years because the offense level for the instant offense is 6 or greater, pursuant to § 5B1.2(a)(1).

The fine range for the instant offenses is $1,000 to $10,000, pursuant to § 5E1.2(c)(3)(A) and (c)(3)(B). Subject to Defendant's ability to pay, in imposing a fine, the Court shall consider the expected costs to the Government of any imprisonment, probation, or supervised release pursuant to § 5E1.2(d)(7). The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of $2,270.93 to be used for imprisonment, a monthly cost of $317.32 for supervision, and a monthly cost of $2,063.19 for community confinement.

Pursuant to § 5E1.1(a)(1), in case of an identifiable

victim, the Court shall enter a restitution order for the full amount of the victim's loss if such order is authorized under 18 U.S.C. § 3663A.

**The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), it is determined that a Guidelines sentence is warranted in the instant case.

**The Sentence**

For the instant offenses, Aljahmi will be sentenced to

3 years' probation with a special condition of 4 months' home confinement.

Aljahmi is directed to report to the nearest United States Probation Office within seventy-two hours of release from custody to commence his term of probation. It is recommended that Aljahmi be supervised by the district of his residence.

As mandatory conditions of his probation, Aljahmi shall: (1) not commit another federal, state, or local crime; (2) not illegally possess a controlled substance; (3) not possess a firearm or destructive device; (4) refrain from any unlawful use of a controlled substance; (5) submit to one drug test within fifteen (15) days of placement on probation or supervised release and at least two unscheduled drug tests thereafter, as directed by the probation officer; and (6) cooperate in the collection of DNA as directed by the probation officer.

The standard conditions of probation (1-13), set forth in the judgment, shall be imposed with the additional special conditions that:

(1) Defendant shall provide the probation officer with access to any requested financial information.

(2) Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the Defendant is in compliance with the installment payment schedule.

In consideration of all the factors set forth in 18 U.S.C. § 3572(a), it does not appear that Defendant is able to pay a fine, and so the fine in this case shall be waived. A special assessment of $100, payable to the United States, is mandatory and shall be due immediately.

It is further ordered that the Defendant make restitution payable the to Clerk of the U.S. District Court at 500 Pearl Street, New York, NY 10007, for disbursement to the U.S. Department of Agriculture in an amount to be determined by the Court. Complete victim contact information is awaited from the Government. Pursuant to 18 U.S.C. § 3664, the Government has 90 days following the date of sentencing to provide the Court with full information concerning the victims and amount of restitution owed to each victim by the Defendant and his co-

conspirators.

Defendant shall forfeit to the United States any and all property constituting or derived from any proceeds he obtained directly or indirectly from the offense.

The terms of this sentence are subject to modification at the sentencing hearing scheduled for November 3, 2011.

It is so ordered.

**New York, NY**
**October 2̲ℓ̲/̲ , 2011**

_____
ROBERT W. SWEET
U.S.D.J.